IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LINDA FULLER                                                                   PLAINTIFF

V.                                    4:09CV709 JMM

DILLARD'S INC.                                                 DEFENDANT

**ORDER DENYING MOTION TO DISMISS AND MOTION TO COMPEL**

Pending is Defendant's Motion to Dismiss and Plaintiff's Motion to Compel. The parties have responded to the motions.

I.      Motion to Dismiss

Defendant contends that the Plaintiff has, once again, failed to allege facts which establish a valid claim against it. In response, Plaintiff outlines the requisite allegations made in her Complaint and, in the alternative, asks the Court to allow her to amend her Complaint. Plaintiff has included a copy of her proposed Second Amended Complaint with her response.

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a

well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred. *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

After review of the pleadings, the Court finds that Plaintiff should be allowed to amend her Complaint pursuant to Rule 15(a)(2). Accordingly, Plaintiff's Motion to Amend (Docket # 22) is GRANTED. Defendant's Motion to Dismiss (Docket # 16) is DENIED.

Further, the Court finds that Plaintiff's Second Amended Complaint sets forth the 'grounds' of her entitlement to relief for sexual harassment, hostile work environment, and retaliation in violation of Title VI and the Arkansas Civil Rights Act, and violation of the Equal Pay Act.

  II. <u>Motion to Compel</u>

The Court finds that the Defendant should be allowed to supplement its Responses to the Plaintiff's Interrogatories and Requests for Production once the Defendant has had the opportunity to depose the Plaintiff. Accordingly, Plaintiff's Motion to Compel (Docket # 26) is DENIED without prejudice to her right to re-file the motion should the Defendant fail to adequately supplement its Responses.

  III. <u>Conclusion</u>

Plaintiff's Motion to Amend (Docket # 22) is GRANTED. Defendant's Motion to

Dismiss (Docket # 16) is DENIED.   Plaintiff's Motion to Compel (Docket # 26) is DENIED.

IT IS SO ORDERED this 10th day of May, 2010.

_____
James M. Moody
United States District Judge